IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01907-BNB

DESHAWN ANDREWS,

Applicant,

v.

J. M. WILNER, Warden,

Respondent.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 3 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant Deshawn Andrews is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Andrews initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on August 25, 2009. The Court must construe the Application and the Supplemental Memorandum liberally because Mr. Andrews is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Andrews asserts that on May 8, 2001, he was arrested for criminal trespass pursuant to Texas Penal Code § 30.05, and that incident to the arrest, he was found to be in possession of fifty grams or more of crack cocaine. He asserts that on August 23, 2001, a federal grand jury returned an indictment against him for possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) &

(b)(1)(A)(iii), in the United States District Court for the Southern District of Texas (District of Texas). He asserts that he proceeded to jury trial on August 26, 2003, and was subsequently found guilty. Mr. Andrews also asserts that he filed a 28 U.S.C. § 2255 motion in the District of Texas, in which he raised ineffective assistance of counsel, the knowing use of perjury and actual innocence. The District of Texas denied Mr. Andrews' § 2255 motion and the Fifth Circuit affirmed on appeal. *See United States v. Andrews*, 103 Fed. Appx. 855 (5th Cir. Aug. 5, 2004) (unpublished decision).

Mr. Andrews contends that the District of Texas lacked jurisdiction when it determined that his arrest for criminal trespass was supported by probable cause under Texas state law. He asserts the order denying his motion to suppress evidence obtained incident to his arrest is void for lack of subject matter jurisdiction, and that this evidence should not have been admitted at trial. Therefore, he contends that this error violated his due process right, and resulted in the conviction of one who is actually innocent.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the

2

court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 367 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

The remedy available under 28 U.S.C. § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001).

The simple fact that Mr. Andrews has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. The fact that Mr. Andrews likely is barred from raising his due process claim in a second or successive § 2255 motion, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See*

3

*Caravalho*, 177 F.3d at 1179.

However, Mr. Andrews claims that he is actually innocent of the clearly erroneous sentence imposed on him. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Andrews first must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* Mr. Andrews then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Mr. Andrews fails to present any new evidence to demonstrate his actual innocence simply by asserting that the District of Texas lacked subject matter jurisdiction to hold a suppression hearing and admit evidence obtained incident to his arrest. To the contrary, the Fifth Circuit found in Mr. Andrews' direct appeal that the trial court did not err in denying the motion to suppress. The Fifth Circuit examined the record and found that, giving the totality of the circumstances, the police officers had reasonable suspicion to stop and detain Mr. Andrews for criminal trespassing. *See Andrews*, 103 Fed. Appx. at 856.

The Court, therefore, finds that Mr. Andrews has failed to demonstrate that the remedy available to him in the Southern District of Texas pursuant to 28 U.S.C.

4

§ 2255 is inadequate or ineffective to address his claims challenging the validity of his

conviction and sentence.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because

Mr. Andrews fails to assert that the remedy available pursuant to 28 U.S.C. § 2255 is

ineffective and inadequate.

DATED at Denver, Colorado, this 22 day of _____ Sept _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01907-BNB

DeShawn Andrews
Reg No. 44998-079
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/23/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk